**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000897
11-JAN-2019
08:52 AM**

NO. CAAP-15-0000897

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
KRAMER JAY SUEKI AOKI, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 15-1-1027)

SUMMARY DISPOSITION ORDER
(By:  Reifurth, Presiding Judge, Chan and Hiraoka, JJ.)

Defendant-Appellant Kramer Jay Sueki Aoki (**Aoki**) appeals from the Findings of Fact, Conclusions of Law and Order Denying Defendant Kramer Jay Sueki Aoki's Motion to Dismiss with Prejudice (**Order**) entered by the Circuit Court of the First Circuit (**Circuit Court**)[1] on October 22, 2015.  Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we affirm the Circuit Court's Order.

**I.**

On November 6, 2014, Aoki was indicted by the grand jury for sexual assault in the third degree in violation of Hawaii Revised Statutes (**HRS**) § 707-732(1)(e)(v) (2014).[2]  The

---

[1]  The Honorable Christine E. Kuriyama presided.

[2]  The statute provides, in relevant part:

(1)  A person commits the offense of sexual assault in the third degree if:

. . . .

(continued...)

case was docketed as Criminal No. 14-1-1762 (the **First Case**). The indictment defined the term "custody" to mean "restraint by a public servant pursuant to arrest, detention or order of a court" pursuant to "Section 710-1000(3) of the Hawaii Revised Statutes."

The indictment in the First Case was based upon evidence presented to the grand jury that on September 6, 2014, the female complaining witness (**CW**) was driving when she was pulled over by a male Honolulu police officer in a marked police vehicle. She gave the officer her driver's license, vehicle registration and insurance card. The officer told her she was speeding. The officer returned to his vehicle with CW's documentation. CW walked to the officer's vehicle. She began to cry and asked the officer not to write a ticket. The officer reached out and held her hands. He put his hand on her chin. His hand went down to her chest, slipped into her shirt and under her bra. CW did not give the officer permission to touch her breast. CW pulled away. The officer asked CW if he could touch her breast again. CW said, "no." The officer returned CW's documentation. He did not issue a ticket.

The grand jury also heard testimony from a Honolulu police detective assigned to the Professional Standards Office, Criminal Investigation Section. The detective had interviewed CW and developed a photographic lineup based upon the information she provided. CW identified Aoki as the police officer who touched her breast. The detective determined that Aoki was employed and on duty as a Honolulu police officer at the time of the alleged incident. The detective interviewed Aoki. Aoki admitted conducting a traffic stop of CW. He said he did not issue a citation. He denied that his hand touched CW's breast.

The grand jury had been instructed: "Pursuant to [HRS] Section 710-1000(3)," "custody" as used in HRS § 707-732(1)(e)(v)

---

2      (...continued)
(e)   The person, while employed:

. . . .

(v)   As a law enforcement officer as defined in section 710-1000, knowingly subjects to sexual contact . . . a person in custody, or causes the person to have sexual contact with the actor[.]

"means restrained by a public servant pursuant to arrest, detention, or order of the court." On January 6, 2015, Aoki filed a motion to dismiss the First Case with prejudice. He argued that the grand jury was incorrectly instructed on the meaning of the term "custody" because the definition in HRS § 710-1000 pertained to escape offenses and, under the applicable case law, a person detained in a traffic stop which never reaches the "point of arrest" is not in "custody" within the meaning of HRS § 707-732(1)(e)(v). Aoki asked that the First Case be dismissed with prejudice because of "the State's failure to adduce probable cause before the grand jury." On February 12, 2015, the Circuit Court[3] entered an Order Dismissing Case With Prejudice.

On June 29, 2015 the Complaint at issue below (the **Second Case**) was filed charging Aoki with Sexual Assault in the Fourth Degree in violation of HRS § 707-733(1)(a) (2014).[4] Aoki filed his Motion to Dismiss with Prejudice (**MTD**) on July 22, 2015. The State's opposition was filed on August 24, 2015. The State's memorandum included a copy of the transcript of proceedings on Aoki's motion to dismiss the First Case. On October 22, 2015, the Circuit Court entered the Order, which denied Aoki's MTD. This appeal followed.

**II.**

Aoki contends that the Circuit Court erred by:

**A.** ruling (in Conclusions of Law 15 and 20) that the Second Case was not barred by double jeopardy; and

**B.** ruling (in Conclusions of Law 16, 17, 18, 19, and 20) that the Second Case was not barred by HRS §§ 701-111(1)(b)

---

[3] The Honorable Glenn J. Kim presided over the First Case.

[4] At the time of the alleged offense, HRS § 707-733 provided:

> (1) A person commits the offense of sexual assault in the fourth degree if:
>
> (a) The person knowingly subjects another person to sexual contact by compulsion or causes another person to have sexual contact with the actor by compulsion[.]

3

(2014)[5] and 701-109(2) (2014).[6]

A trial court's label of a finding of fact or conclusion of law is not determinative of the standard of review. Crosby v. State Dep't of Budget & Fin., 76 Hawai'i 332, 340, 876 P.2d 1300, 1308 (1994). Conclusions of law are ordinarily reviewed under the "right/wrong" standard. Estate of Klink ex rel. Klink v. State, 113 Hawai'i 332, 351, 152 P.3d 504, 523 (2007). A conclusion of law that is supported by the trial court's findings of fact and reflects an application of the correct rule of law will not be overturned. Id. However, when a conclusion of law presents mixed questions of fact and law, we review it under the "clearly erroneous" standard because the court's conclusions are dependent on the facts and circumstances of each individual case. Id. "A finding of fact is clearly erroneous when, despite evidence to support the finding, the appellate court is left with the definite and firm conviction in reviewing all of the evidence that a mistake has been committed." Birano v. State, 143 Hawai'i 163, 181, 426 P.3d 387, 405 (2018) (citations and internal quotation marks omitted). A finding of fact is also clearly erroneous when the record lacks substantial

---

[5] HRS § 701-111 provides, in relevant part:

Although a prosecution is for a violation of a different statutory provision or is based on different facts, it is barred by a former prosecution under any of the following circumstances:

(1) The former prosecution resulted in an acquittal which has not subsequently been set aside or in a conviction as defined in section 701-110(3) and the subsequent prosecution is for:

. . . .

(b) Any offense for which the defendant should have been tried on the first prosecution under section 701-109 unless the court ordered a separate trial of the offense[.]

[6] HRS § 701-109(2) provides:

Except as provided in subsection (3) of this section [pertaining to the court granting a motion for separate trials], a defendant shall not be subject to separate trials for multiple offenses based on the same conduct or arising from the same episode, if such offenses are known to the appropriate prosecuting officer at the time of the commencement of the first trial and are within the jurisdiction of a single court.

evidence to support the finding. <u>Id.</u> "Substantial evidence" is "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." <u>In re Grievance Arbitration Between State of Hawai'i Org. of Police Officers</u>, 135 Hawai'i 456, 461-62, 353 P.3d 998, 1003-04 (2015) (citation omitted).

## A.

Aoki challenges the following conclusions of law by the Circuit Court:

15. In his June [sic] 22, 2015 Motion to Dismiss, Defendant's constitutional claim is that the sexual assault in the fourth degree charge brought against him in the underlying case is barred by the double jeopardy clause, as Judge Kim's dismissal of the sexual assault in the third degree charge previously filed against him in [the First Case], constituted an acquittal of the charge. For the following reasons, the court concludes that jeopardy did not attach as a result of Judge Kim's order, and therefore the double jeopardy clause does not preclude the State from prosecuting the present sexual assault in the fourth degree charge against Defendant:

    a. Defendant's January 6, 2015 Motion to Dismiss was granted on a pre-trial basis by Judge Kim, and was not heard by the trier of fact.

    b. Judge Kim's ruling, which was based upon his evaluation of the legal definition of "custody", was on legal, not factual grounds.

    c. No witnesses were called at the January 28, 2015 hearing, and no testimony was provided. Further, Judge Kim specifically stated that the hearing was not evidentiary in nature, and he did not issue any findings of fact either at the hearing or in the Order Granting Defendant's Motion to Dismiss With Prejudice filed on February 12, 2015.

    d. Judge Kim recognized that his decision could be appealed or that a sexual assault in the fourth degree charge could be brought against Defendant, both of which are characteristics of a dismissal rather than an acquittal.

    e. In light of the circumstances of the hearing, the intent of Judge Kim's ruling was not an acquittal, but rather a dismissal of the charge.

    f. Defendant's January 6, 2015 Motion to Dismiss was brought pursuant to Rule

12(b)(2) of the Hawaii Rules of Penal Procedure, requiring "defenses and objections based on defects in the charge (other than that it fails to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court at any time during the pendency of the proceedings)" to be raised prior to trial, and Defendant therefore was not "subjected to the hazards of trial and possible conviction." [See] Serfass v. United States, 420 U.S. 377, 391, 95 S. Ct. 1055, 1064, 43 L. Ed. 2d 265, 276 (1975).

g.    As Defendant was not facing a risk of his determination of guilt on January 28, 2015, when his January 6, 2015 Motion to Dismiss was heard by Judge Kim, jeopardy did not attach.

h.    Without attachment, there was no possibility of Defendant's conviction, and therefore the double jeopardy clause is inapplicable in the context of this case. [See] State v. Rodrigues, 67 Haw. 70, 79-80, 679 P.2d 615, 622 (1984).

i.    As Defendant "deliberately [sought] termination of his . . . proceedings on a basis unrelated to factual guilt or innocence, double jeopardy principles do not bar retrial." State v. Ake, 88 Haw. [sic] 389, 393, 967 P.2d 221, 225 (1998) (citations omitted).

j.    Judge Kim's ruling was a dismissal, both in form and substance, rather than an acquittal of the sexual assault in the third degree charge.

.  .  .  .  .

20.    In light of the above, and based upon applicable statutory and legal authority, the court properly denies Defendant's July 22, 2015 Motion to Dismiss on both the constitutional and statutory claims raised by Defendant.

Conclusions of law nos. 15 and 20 are actually combined findings of fact and conclusions of law. They are not clearly erroneous because they are supported by substantial evidence in the record, and the Circuit Court applied the correct rules of law to the facts.

The double jeopardy clause of the United States Constitution applies to the states through the Fourteenth Amendment, Benton v. Maryland, 395 U.S. 784, 793-96 (1969), and the Hawai'i constitutional provision prohibiting double jeopardy is cast in substantially similar terms. State v. Martin, 62 Haw.

6

364, 373, 616 P.2d 193, 199 (1980). The policy behind the double jeopardy clause was described by the United States Supreme Court in Green v. United States, 355 U.S. 184, 187-88 (1957):

> The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense, and ordeal, and compelling him [or her] to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he [or she] may be found guilty.

The Hawai'i Supreme Court adopted this policy in State v. Bannister, 60 Haw. 658, 660-61, 594 P.2d 133, 135 (1979).

The Hawai'i Supreme Court has held that "[d]ouble jeopardy does not attach unless there is a risk of a determination of guilt." State v. Rodrigues, 67 Haw. 70, 79, 679 P.2d 615, 622, cert. denied, 469 U.S. 1078 (1984) (citing Serfass v. United States, 420 U.S. 377 (197[5])).

> [I]n a jury trial jeopardy attaches once the jury is empaneled and sworn, Downum v. United States, 372 U.S. 734, 83 S. Ct. 1033, 10 L. Ed. 2d 100 (1963), and this rule has specifically been made applicable to the states. Crist v. Bretz, [437 U.S. 28, 37-38, 98 S.Ct. 2156, 2161-62, 57 L.Ed.2d 24 (1978)].

State v. Moriwake, 65 Haw. 47, 51, 647 P.2d 705, 709 (1982). In a nonjury trial, jeopardy attaches when the court begins to hear evidence. State v. Poohina, 97 Hawai'i 505, 510, 40 P.3d 907, 912 (2002) (citation omitted).

Here, Aoki's motion to dismiss the First Case was a pretrial motion made pursuant to Hawai'i Rules of Penal Procedure (**HRPP**) Rule 12(b)(2).[7] It was based on a defect in the charge to the grand jury. Aoki was not at "risk of a determination of

_____

[7] HRPP Rule 12 provides, in relevant part:

(b) Pretrial Motions. Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. Motions may be written or oral at the discretion of the judge. The following must be raised prior to trial:

. . . .

(2) defenses and objections based on defects in the charge[.]

guilt," <u>Rodrigues</u>, <u>supra</u>, because he could not have been adjudged guilty even if the Circuit Court had denied the motion to dismiss. Jeopardy had not attached in the First Case.

**B.**

Aoki also challenges the following conclusions of law by the Circuit Court:

16.    In his June [sic] 22, 2015 Motion to Dismiss, Defendant's statutory claim is that the sexual assault in the fourth degree charge brought against him in the underlying case is barred under HRS Section 701-111 (1)(b), as Judge Kim's dismissal of the sexual assault in the third degree charge previously filed against him in Criminal No. 14-1-1762 constituted an acquittal of the charge. For the following reasons, the court concludes that Judge Kim's ruling did not constitute an acquittal of the charge, and therefore the State is not precluded from prosecuting the present sexual assault in the fourth degree charge against Defendant under HRS Section 701-111(1)(b):

    a.    The provisions of HRS Section 701-111(1)(b) would prohibit the underlying prosecution against Defendant only if two criteria are met: (1) there had been an acquittal of the sexual assault in the third degree charge previously brought against him, and (2) the sexual assault in the fourth degree offense is one for which Defendant should have been tried in [the First Case], under the provisions of HRS Section 701-109.

    b.    The court, in considering the definition of the term "acquittal" as discussed above in the context of the double jeopardy clause and under HRS Section 701-110(1), finds and concludes that Judge Kim's ruling was a legal determination of the "defenses and objections based on defects in the charge" raised by Defendant under Rule 12(b)(2) of the Hawaii Rules of Penal Procedure, rather than "a determination by the court that there was insufficient evidence to warrant a conviction".

    c.    In light of Judge Kim's ruling on Defendant's January 6, 2015 Motion to Dismiss, where he agreed with defense counsel that the State had not presented the grand jury with "adequate factual allegations to support a finding of probable cause" as to "custody", Defendant was not acquitted of the sexual assault in the third degree charge brought against him in [the First Case], and therefore the first criterion under Section 701-111(1)(b) is not satisfied. See also Rule 29(a) of the [Hawai'i] Rules of Penal Procedure pertaining to a motion for judgment of acquittal before submission to

the jury.

      d.    As Defendant was not acquitted of the prior sexual assault in the third degree charge, the second criterion under Section 701-111(1)(b) need not be addressed by the court.

17.    Based upon the court's determination that Defendant was not acquitted, i.e., found to be not guilty, of the prior sexual assault in the third degree charge by Judge Kim, the court is unable to sustain Defendant's statutory claim under HRS Section 701-111(1)(b).

18.    Defendant's compulsory joinder argument under HRS Section 701-109(2) also is not sustainable as:

      a.    The State is permitted, "at least by 'the time of the commencement of the first trial'", to charge "multiple offenses based on the same conduct or arising from the same episode, if such offenses are known to the appropriate prosecuting officer at the time of the commencement of the first trial and are within the jurisdiction of a single court." [See] State v. Akau, 118 Hawai'i 44, 58 n.14, 185 P.3d 229, 243 [n.14] (2008); HRS Section 701-109(2).

      b.    Trial in the prior case had not commenced.

19.    Based upon the court's determination that Defendant was not acquitted, i.e., found to be not guilty, of the prior sexual assault in the third degree charge by Judge Kim, the court is unable to sustain Defendant's statutory claim under HRS Section 701-111(1)(b).

20.    In light of the above, and based upon applicable statutory and legal authority, the court properly denies Defendant's July 22,2015 Motion to Dismiss on both the constitutional and statutory claims raised by Defendant.

To prevail on his HRS § 701-111(1)(b) argument, Aoki had to show that he had been acquitted of the charge in the First Case. The Hawai'i Supreme Court has adopted the following test for what constitutes an acquittal: "[A] defendant is acquitted only when the ruling of the judge, whatever its label, actually represents a resolution in the defendant's favor, correct or not, of some or all of the factual elements of the offense charged." Poohina, 97 Hawai'i at 509, 40 P.3d at 911 (citation and internal quotation marks omitted). In other words, for a judge's decision to constitute an acquittal, it must be based on findings related to the factual guilt of the defendant. See State v. Markowski, 88 Hawai'i 477, 484, 967 P.2d 674, 681 (App. 1998). "[W]hat

constitutes an acquittal is more dependent upon the intent of the ruling rather than the label." Poohina, 97 Hawai'i at 509, 40 P.3d at 911. Conclusions of law nos. 15 through 20 are combined findings of fact and conclusions of law. They are not clearly erroneous because they are supported by substantial evidence in the record (including the transcript of the hearing on Aoki's motion to dismiss the First Case), and the Circuit Court applied the correct rules of law to the facts.

## III.

For the foregoing reasons, the Circuit Court's Findings of Fact, Conclusions of Law and Order Denying Defendant Kramer Jay Sueki Aoki's Motion to Dismiss with Prejudice entered on October 22, 2015 is affirmed.

DATED: Honolulu, Hawai'i, January 11, 2019.

On the briefs:

Thomas M. Otake,
for Defendant-Appellant

Lynn B.K. Costales,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

10